IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02337-BNB

TYRON DUANTE SMALL,

     Plaintiff,

v.

THE COLORADO SPRINGS POLICE DEPARTMENT,
JOHN DOE DETECTIVE ONE, and
JOHN DOE OFFICER TWO,

     Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Tyron Duante Small, is in the custody of the Colorado Department of Corrections and is incarcerated at the Colorado State Penitentiary in Canon City, Colorado.  Mr. Small initiated this action by filing *pro se* a Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

On October 3, 2011, Magistrate Judge Boyd N. Boland determined that the prisoner complaint was deficient because Plaintiff was suing improper parties and because he failed to allege the personal participation of all named Defendants in the alleged deprivation of his constitutional rights.  Accordingly, Magistrate Judge Boland directed Mr. Small to file an amended prisoner complaint within thirty days.  After receiving two extensions of time, Mr. Small submitted an amended complaint on

January 10, 2012.

The Court must construe the amended complaint liberally because Mr. Small is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Small is a prisoner and the Defendants are officers or employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In the amended complaint, Mr. Small alleges that he was arrested in July of 2009 by Defendant John Doe Detective and John Doe Two Officer based on frivolous allegations that Mr. Small committed a sexual assault.  Mr. Small asserts that the named Defendants failed to properly investigate the victim's allegations and that a thorough investigation would have revealed that the victim's story was inconsistent.  He asserts that he was incarcerated in the El Paso County Jail from July of 2009 until May of 2010, when he was acquitted of the sexual assault charges.  He asserts claims for

2

false imprisonment and due process violations.  As relief, he seeks damages.

However, the Court notes that Mr. Small may not sue the Colorado Springs Police Department because the police department is not separate from the municipality of El Paso County, Colorado, and, therefore is not a person subject to suit under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).  A plaintiff seeking to hold a municipality or county liable for his injuries under 42 U.S.C. § 1983 must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Defendant El Paso County cannot be held liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs*., 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan*., 997 F.2d 774, 782 (10th Cir. 1993).  Further, Mr. Small cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.  Mr. Small fails to allege that there is a direct causal link between a policy or custom of El Paso County and his alleged injuries.  *See id.* Therefore, Defendant Colorado Springs Police Department is not a proper party to this action.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Small's claims against Defendants John Doe Detective One and John Doe Officer Two do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge.  *See* D.C.COLO.LCivR 8.2D.  Accordingly, it is

3

ORDERED that Defendant Colorado Springs Police Department is dismissed as a party to this action.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __24th__ day of ___January_____, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court