IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-02337-MJW

TYRON DUANTE SMALL,

Plaintiff,

v.

DETECTIVE JEFF HUDDLESTON;
DETECTIVE MARC CHACON; and
OFFICER DANIEL THOMPSON,

Defendants.

---

**ORDER ON
DEFENDANTS' MOTION TO DISMISS THIRD AMENDED PRISONER COMPLAINT
(Docket No. 51),
PLAINTIFF'S MOTION REQUESTING SETTLEMENT HEARING (Docket No. 45),
AND
PLAINTIFF'S MOTION REQUESTING DISCOVERY (Docket No. 60).**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

Initially, this case was before this court pursuant to an Order Referring Case (Docket No. 22) issued by Judge Robert E. Blackburn on January 26, 2012.  On June 26, 2012, the parties filed consent to the jurisdiction of a magistrate judge (Docket No. 56).  Pursuant to 28 U.S.C § 636(c), Judge Blackburn entered an order assigning the case for all purposes to this court (Docket No. 67).  The case was reassigned on July 10, 2012 (Docket No. 58).

**PLAINTIFF'S ALLEGATIONS**

*Pro se* plaintiff Tyron Small asserts the following in his Third Amended Complaint

(Docket No. 43).  In February or March of 2009, an alleged rape victim accused plaintiff of raping her.  Plaintiff claims that defendant Detective Marc Chacon and defendant Officer Daniel Thompson had been investigating plaintiff in another matter and had referred plaintiff's name to defendant Detective Jeff Huddleston.  As part of his investigation into the rape allegations, Detective Huddleston was responsible for interviewing the alleged victim and other witnesses.  Eventually plaintiff was arrested, brought to trial, and acquitted.[1]  Plaintiff makes two claims pursuant to 42 U.S.C. § 1983 in his complaint.

Plaintiff's first claim is for "deprivation of life and liberty" and "indefinite standards of enforcement."  Plaintiff claims he was arrested without probable cause thereby resulting in a false arrest and violations of his due process rights.

Plaintiff's second claim is for municipal liability.  Plaintiff requests compensatory and punitive money damages, as well as the expungement of his sexual assault case.

**PENDING MOTION**

Now before the court is Defendants' Motion to Dismiss Third Amended Prisoner Complaint (Docket No. 51).  Defendant argues plaintiff's federal claims are barred by the applicable statutes of limitations.  Defendant also argues that each claim should be dismissed for failure to state a claim and qualified immunity.

The court has carefully considered the Third Amended Complaint (Docket No. 43), the motion to dismiss (Docket No. 51), plaintiff's response (Docket No. 59), and defendants' reply (Docket No. 63).  In addition, the court has taken judicial notice of the

---

[1] Plaintiff is currently incarcerated in the Colorado Department of Corrections on an unrelated matter.

court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and orders.

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss pursuant to Rule 12(b)(1) take two forms. First, a party may attack the facial sufficiency of the complaint, in which case the court must accept the allegations of the complaint as true. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. See id. at 1003. A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56. See id.

Under Rule 8(a)(2), a pleading must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

4

recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012).  The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id.  The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32

(10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

Plaintiff is proceeding *pro se.* The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers). However, a *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues). "The plaintiff's *pro se* status does not entitle him to application of different rules." Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**Statute of Limitations**

Section 1983, under which plaintiff brings his claims, creates a cause of action for "the deprivation, under color of state law, of a citizen's rights, privileges, or immunities secured by the Constitution and the laws of the United States." Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quotation marks and citations omitted). Under Tenth Circuit law, § 1983 suits are analogous to, but distinct from, tort claims because they "ultimately rest on the Constitution, not on state (or federal) common law." Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008).

The statute of limitations for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Colorado, that period is two years. See C.R.S. § 13-80-102; Workman v. Jordan, 32 F.3d 475, 482 (10th Cir. 1994). While state law determines the statute of limitations period, federal law governs when the action accrues. Kripp v. Luton, 466 F.3d 1171, 1175 (10th Cir. 2006).

Reading plaintiff's complaint liberally, plaintiff's first claim can be fairly characterized as a Fourth Amendment claim similar to a tort claim of false arrest or imprisonment.[2] The statute of limitations for a claim of false arrest or imprisonment "begin[s] to run . . . when the alleged false imprisonment ends." Wallace, 549 U.S. at

---

[2] Because plaintiff's arrest was warrantless, plaintiff necessarily argues that he was imprisoned without legal process. Accordingly, plaintiff's claim is one for false arrest or imprisonment. If plaintiff had been arrested pursuant to a warrant, he would necessarily have to argue that he was imprisoned pursuant to a legal but wrongful process. In such circumstances, plaintiff's claim would be most closely analogous to a claim of malicious prosecution. See Lopez v. Prince, No. 11-cv-02352, 2012 WL 3277178, at *4-6 (D. Colo. Aug. 9, 2012), for a detailed discussion of the distinction between false arrest/imprisonment and malicious prosecution.

389 (internal quotation marks omitted). In a case such as this, false imprisonment ends when the imprisonment becomes "pursuant to [legal] process - when, for example, he is bound over by a magistrate or arraigned on charges." Id.

The certified copy of the Register of Actions ("ROA")[3] for plaintiff's case, 2009CR2115 (El Paso County District Court), indicates that plaintiff was arraigned and pleaded not guilty on July 23, 2009. Accordingly, the statute of limitations for plaintiff's claim of false arrest/imprisonment ran on July 23, 2011. Plaintiff's original complaint was not filed until September 6, 2011.[4] As such, plaintiff's false arrest/imprisonment claim was not timely and must be dismissed.

Similarly, plaintiff's claim for municipal liability is time barred. The only acts that plaintiff alleges give rise to municipal liability are those made pursuant to plaintiff's false arrest/imprisonment claim; plaintiff has not alleged some separate incident of a constitutional violation that would support a claim for municipal liability. Indeed plaintiff does not identify the specific government policy or custom which resulted in his false arrest/imprisonment. See Ulibarri v. City & Cnty. of Denver, 742 F. Supp. 2d 1192, 1219 (D. Colo. 2010) (citing Monell v. New York Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978)) (stating that municipal liability "accrues only where the action alleged to

---

[3] The certified copy of plaintiff's ROA was attached to defendants' Motion to Dismiss. The court has discretion to consider the ROA since its contents are alleged in plaintiff's complaint and it is integral to plaintiff's claims. See Prager v. LaFaver, 180 F.3d 1185, 1189 (10th Cir. 1999).

[4] The court agrees with defendants that the earlier case (11-cv-00493-BNB) filed by plaintiff on February 28, 2011 does not relate to the current matter. "A separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim." Marsh v. Soares, 223 F.3d 1217, 1219 (10th Cir. 2000). Accordingly, the February 28, 2011 filing date of the earlier claim is not relevant to the statute of limitations determination in this matter.

8

be unconstitutional executes or implements a governmental policy or custom"). As such, the latest possible time plaintiff's claim for municipal liability could have accrued was at the same time his claim for false arrest/imprisonment did. Therefore, plaintiff's claim for municipal liability was not timely and must be dismissed.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Dismiss Third Amended Prisoner Complaint (Docket No. 51) is **GRANTED** insofar as plaintiff's claims are barred by the applicable statute of limitations. The court enters final judgment dismissing this action and all claims therein with prejudice. It is further

**ORDERED** that plaintiff's Motion Requesting a Settlement Hearing with Listed Defendants (Docket No. 45) is **DENIED AS MOOT**. It is further

**ORDERED** that plaintiff's Request for Limited Pre-Discovery to Present as Exhibits (Docket No. 60) is **DENIED AS MOOT**.


Date:  August 23, 2012                s/ Michael J. Watanabe
       Denver, Colorado               Michael J. Watanabe
                                      United States Magistrate Judge